UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>LONNIE EUGENE LILLARD,<br><br>Defendant. | CASE NO. CR16-07RSM<br>CR15-270RSM<br><br>ORDER GRANTING MOTION TO AFFIRM NUMBER OF VICTIMS AND DENYING DEFENDANTS' MOTIONS |

## I.   INTRODUCTION

This matter comes before the Court on the Government's Motion to Affirm Finding that Offense Involved Ten or More Victims, Dkt. #364, and Motions brought by the Defendant Lonnie Eugene Lillard, Dkts. #384, #385, and #391.  For the following reasons, the Court GRANTS the Government's Motion addressing the issue on remand from the Ninth Circuit and DENIES Defendants' Motions.

## II.   BACKGROUND

On January 6, 2017, Defendant Lillard pled guilty to the sole count of the Superseding Indictment: Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. §§ 1344 and 1349. Dkts. #53 and #112.  The Court held an evidentiary hearing to determine loss amount and other issues relevant to sentencing.  On March 2, 2018, the Court issued an Order resolving all issues

ORDER GRANTING MOTION TO AFFIRM NUMBER OF VICTIMS AND DENYING
DEFENDANTS' MOTIONS – 1

litigated during the evidentiary hearing. Dkt. #198. On May 4, 2018, the Court sentenced Mr. Lillard to 196 months and ordered him to pay $5,816,938.82 in restitution. Dkts. #253 and #254.

Mr. Lillard appealed to the Ninth Circuit. Dkt. #255. While the appeal was pending, the Government was apprised that two different payment processors, Vantiv and Chase Paymentech, may have ultimately subsumed the losses on behalf of some of their victim-merchants, potentially reducing the total number of victims to less than ten and thus affecting the guidelines calculation. *See* Dkt. #364. To address this issue, the Government moved for a limited remand with respect to both the defendant and his co-defendant, Nathaniel Wells. *United States v. Lillard*, No. 18-30106, Dkt. #25 (9th Cir. March 8, 2019); *United States v. Wells*, No. 18-30074, Dkt. #43 (9th Cir. March 8, 2019).[1] These motions were granted on September 20, 2019. The Ninth Circuit instructed this Court to conduct whatever proceedings it deemed necessary to recalculate the number of victims given the Government's new information and, if necessary, to resentence Defendant Lillard. Dkt. #346.

The Government has filed briefing addressing the issue on remand. Dkt. #364. Mr. Lillard has ostensibly responded to this briefing, Dkt. #385, while also moving again to stay restitution payments, Dkt. #384 and moving to dismiss, Dkt. #391.[2]

### III.   DISCUSSION

The Government sought a limited remand so that it could determine the accuracy of this Court's finding that the crime involved ten or more victims. The evidence presented by the Government indicates that the number of victims attributable only to the Vantiv series of frauds is 36, and that Vantiv has not absorbed the losses for these victim-merchants. *See* Dkt. #133 at

---

[1] While the Government's Motion for a limited remand was pending before the Ninth Circuit, Mr. Lillard moved this Court for an order staying restitution in its entirety, which was denied. Dkt. #310.

[2] The Court notes that Mr. Lillard also moved to recuse in November of 2019. Dkt #357. The Court denied that Motion, Mr. Lillard moved for reconsideration and later appealed, and the Ninth Circuit dismissed the appeal. *See* Dkt. #388. The limited remand from the Ninth Circuit is now properly before the Court.

ORDER GRANTING MOTION TO AFFIRM NUMBER OF VICTIMS AND DENYING DEFENDANTS' MOTIONS – 2

19-21; Declaration of Troy Vespie ("Vespie Decl.") and attachment, Dkts. #335 and #337. Even if the number of victims associated with Chase Paymentech was reduced to one (*i.e.* if Chase covered the losses of all those victims), the total number of victims would easily exceed ten and the Court's finding that the crime involved ten or more victims stands. Mr. Lillard presents no reasonable basis to challenge this evidence or question Mr. Vespie's credibility. The Court notes that the conclusion above is consistent with its earlier findings on the same issue as to co-Defendant Nathaniel Wells. *See* Dkt. #347. The Court finds that an evidentiary hearing on the above issue is unnecessary.

Turning to the remaining Motions, the Court finds that Mr. Lillard is not entitled to a stay on restitution payments, but agrees with the Government that a portion of his restitution payments should be deposited into the Court's registry until after disposition of the appeal, pursuant to Federal Rule of Criminal Procedure 38(e)(2)(C).

The Court's authority to act is constrained by the limited scope of the Ninth Circuit's remand order. *See United States v. Thrasher*, 483 F.3d 977, 982-83 (9th Cir. 2007). All other issues raised by Mr. Lillard are not properly before the Court on remand from the Ninth Circuit.

### IV.   CONCLUSION

Having reviewed the above Motions, along with the remainder of the record, the Court hereby finds and ORDERS:

1) The Government's Motion, Dkt. #364, is GRANTED. The number of victims is greater than ten and the Court affirms its original guidelines calculation.

2) The Court DENIES Defendant's Motion for an evidentiary hearing and all other requested relief, Dkt #385.

3) The Court DENIES Defendant's Motion to Stay Restitution, Dkt #384.

ORDER GRANTING MOTION TO AFFIRM NUMBER OF VICTIMS AND DENYING DEFENDANTS' MOTIONS – 3

4) The Court DIRECTS the Government to submit a proposed order suspending disbursements to any victims in the Chase Paymentech group and directing that 15% of the restitution payments be deposited with the Court's registry until an Amended Judgment can be entered.

5) The Court DENIES Defendant's Motion to Dismiss, Dkt #391.

DATED this 6th day of May, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE