1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff

v.

LONNIE EUGENE LILLARD,

Defendant.

CASE NO. CR15-270RSM

ORDER DENYING PETITION FOR WRIT
OF ERROR CORAM NOBIS

## I.      INTRODUCTION

This matter comes before the Court on Defendant Lonnie Lillard's "Petition for Writ of Error Coram Nobis and/or Motion to Withdraw Guilty Plea to Supervised Release Violation." Dkt. #48.  For the following reasons, the Court DENIES Defendant's Petition and Motion and sets a re-sentencing hearing for September 21, 2023, at 10:00 a.m.

## II.      BACKGROUND

On January 6, 2017, Defendant Lillard pled guilty to Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. §§ 1344 and 1349. Case No. 16-07RSM, Dkts. #53 and #112. At the same hearing, he admitted to violations of supervised release.  Dkt. #15.  These violations were: (1) Committing the offense of conspiracy to commit bank fraud on or before January 5, 2016 (*i.e.*, the same offense to which he had just pled guilty); (2) Leaving the Western District of

ORDER DENYING PETITION FOR WRIT OF ERROR CORAM NOBIS – 1

Washington on or before June 26, 2015; (3) Associating with a known felon on or before January 5, 2016; and (4) Obtaining a credit access device on or before January 5, 2016.  Dkt. #4.

The Court later held an evidentiary hearing to determine loss amount and other issues relevant to sentencing.  On March 2, 2018, the Court issued an Order on those issues.  Case No. 16-07RSM, Dkt. #198.  Mr. Lillard filed a Motion to withdraw his plea of guilty and dismiss the indictment, raising a claim of ineffective assistance of counsel, among others.  Case No. 16-07RSM, Dkt. #202.  He did not seek to withdraw his admissions to the supervised release violations.  The Court denied this Motion.  Case No. 16-07RSM, Dkt. #253.  On the new criminal offense, Mr. Lillard was sentenced to 196 months. Case No. 16-07RSM, Dkt. #254. He is still serving that sentence at FCI Sheridan.  On the supervised release matter, the Court imposed a sentence of 36 months to run concurrently.  Dkt. #20.

Mr. Lillard appealed.  Dkt. #21. Although most issues were decided adversely to Mr. Lillard, the Ninth Circuit found that the 36-month sentence for the supervised release violations exceeded the statutory maximum sentence.  Dkt. #45 at 14–18; Dkt. #46. The Ninth Circuit vacated that Judgment and remanded to this Court for resentencing on the supervised release violations. Dkt. #45 at 18.  The instant Motion followed.

### III.    DISCUSSION

A writ of error coram nobis "affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody." *Estate of McKinney v. United States*, 71 F.3d 779, 781 (9th Cir. 1995).  It permits a court to vacate a judgment that involves errors so fundamental that the proceeding is rendered invalid.  *Id*. And the writ "provides a remedy for those suffering from the lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact and egregious legal errors." *Id*.  A petitioner must satisfy four

1    requirements in order to qualify for coram nobis relief. First, a more usual remedy—such as a §
2    2255 petition—must not be available. Second, there must be valid reasons for not attacking the
3    conviction earlier. Third, the petitioner must suffer sufficient adverse consequences from the
4    conviction to satisfy the case or controversy requirement.  Finally, the error must be of the "most
5    fundamental character."  *Id*.

6        Mr. Lillard argues that he is "no longer in federal custody as to his supervised release
7    violation conviction, thus §2255 is not available to him."  Dkt. #48 at 3–4.  He argues he has
8    suffered the following adverse consequences of the conviction for the supervised release
9    violation: "[w]hen Mr. Lillard filed his compassionate release motion, Government counsel has
10   never hesitated to mention that he admitted to his violations…. His violations he pled guilty to
11   will no doubt be continued to be used against him at any future court proceedings should he find
12   himself back in front of any criminal court."  *Id*. at 5–6.

13       The Court agrees with the Government that Mr. Lillard has failed to satisfy several of the
14   above requirements.  *See* Dkt. #57.  A more usual remedy is available and argued for in the same
15   filing—a motion to withdraw his admissions to the supervision violations under Rules
16   11(d)(2)(B)[1] and 32 prior to re-sentencing.  The Court also finds that Mr. Lillard has not suffered
17   sufficient adverse consequences from the conviction given the procedural history of this case, his
18   concurrent sentence, and the fact that the three-year sentence imposed by the Court has been
19   vacated and Mr. Lillard has yet to be re-sentenced.  He fails to demonstrate how he has suffered
20   an adverse consequence related to his unsuccessful motions for compassionate release, or in any
21   other way.  The Court's rulings denying those Motions had nothing to do with the instant

---

[1] Rule 11(d)(2)(B) states: A defendant may withdraw a plea of guilty… after the court accepts the plea, but before it imposes sentence if… the defendant can show a fair and just reason for requesting the withdrawal."

ORDER DENYING PETITION FOR WRIT OF ERROR CORAM NOBIS – 3

conviction.  Concerns about future court proceedings "should he find himself back in front of any criminal court" are speculative.

Turning to Mr. Lillard's Motion to withdraw his admissions, the Court agrees that there is no "fair and just reason" to permit such now, or basis for the requested relief under any other applicable standard. Lillard seeks to withdraw his admissions because his attorney provided ineffective assistance of counsel. *See* Dkt. #48 at 13 ("mainly IAC").  Ineffective assistance of counsel can, if proven, provide the "fair and just" reason necessary to support withdrawal. *See, e.g., United States v. Davis*, 428 F.3d 802 (9th Cir. 2005).  To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was so deficient that she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the defendant was prejudiced by reason of his attorney's actions, such that the defendant was deprived of a fair hearing whose result is reliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The Government responds:

> To be sure, Lillard is not required to prove actual prejudice for a motion to withdraw a plea pre-sentence. *Davis*, 428 F.3d at 806. He must prove a "fair and just" reason to withdraw the plea, not that the plea was in fact invalid. *Id*. To do so here, he must show that the error plausibly could have motivated him to plead guilty. *Id*. at 808. He has not done so. Indeed, he has not even claimed that he would not have admitted the supervised release violations but for counsel's unprofessional error with respect to the length of the possible sanction—one that overstated, rather than understated, the potential sentence.
>
> ….
>
> The government concedes that counsel's error may have prejudiced Lillard at disposition. The Court imposed a sanction longer than the law permitted, to Lillard's detriment.  But Lillard's remedy for that error is resentencing—a remedy the Court of Appeals has already provided. Dkt. 45. In the absence of evidence that counsel's error

ORDER DENYING PETITION FOR WRIT OF ERROR CORAM NOBIS – 4

might have affected Lillard's decision to admit the violations, there
was no ineffective assistance of counsel, and no fair and just reason
to permit him to withdraw his admissions.

Dkt. #57at 8–9.  The Court agrees with the above analysis.  While counsel may have been

ineffective in the sense already addressed by the Ninth Circuit's reversal and remand, it does not

necessarily follow that it would be fair and just to rewind the tape all the way back to the guilty

plea.  It appears Mr. Lillard is trying to argue that he would not have pled guilty to a 36-month

sentence if he had known that such was not an available sentence—but not that he would not

have pled guilty.  Mr. Lillard fails to demonstrate how an error that overstated the potential

sentence could have convinced him to admit to supervised release violations months earlier.  Mr.

Lillard fails to explain this in any detail.  The Government adequately explains the logical barriers

to Mr. Lillard pleading not guilty to these supervised release violations.  *See* Dkt. #57 at 8–11.

This Court and the Court of Appeals have already addressed the sentencing error, and the

Court will address it further at re-sentencing.

## IV.    CONCLUSION

Having reviewed the briefing by the parties, along with the remainder of the record, the

Court hereby finds and ORDERS that Defendant Lonnie Lillard's "Petition for Writ of Error

Coram Nobis and/or Motion to Withdraw Guilty Plea to Supervised Release Violation," Dkt.

#48, is DENIED.  A re-sentencing hearing will be set for September 21, 2023, at 10:00 a.m.

DATED this 6th day of July, 2023.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING PETITION FOR WRIT OF ERROR CORAM NOBIS – 5