UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> LONNIE LILLARD, <br><br> Defendant. | Case No. CR15-270RSM <br><br> ORDER DENYING EX PARTE MOTION FOR NEW COUNSEL |

This matter comes before the Court on Defendant Lonnie Lillard's sealed ex parte Motion seeking new counsel, Dkt. #69. The Motion is 23 handwritten pages with 136 pages of exhibits, largely comprised of handwritten letters to the Court. He accuses his current counsel, Mr. Weaver, of failing to communicate with him after an initial engagement letter received six months ago, a "total blackout" in Mr. Lillard's words. On April 10, 2024, the Court deferred ruling on this Motion and directed Mr. Weaver to file a status report. Dkt. #70. This report was filed on April 16, 2024, and has been reviewed by the Court. *See* Dkt. #72.

The Court will repeat its initial findings. The request for new counsel could have been made in a few short pages. It did not need to be filed ex parte or under seal. The remainder of Mr. Lillard's Motion and attachments have little or nothing to do with his need for new counsel. It is procedurally improper for Mr. Lillard to seek the other relief he is requesting or to file these materials ex parte. The Court will take no action based on Mr. Lillard's filings unrelated to his need for new representation. The Court reminds Mr. Lillard that this case has been remanded from the Ninth Circuit only to deal with re-sentencing on the 36-month sentence for his violation of supervised release. *See* Dkt. #45.

ORDER DENYING EX PARTE MOTION FOR NEW COUNSEL - 1

Turning to the new information contained in Mr. Weaver's report, the Court finds that Mr. Weaver has adequately demonstrated his inability to immediately proceed with representing Mr. Lillard in this action and a desire to make up for lost time by sending a new letter to his client and working on scheduling a phone appointment or in-person interview. The Court agrees with Mr. Weaver's assessment that given the "unique nature of this resentencing" Mr. Lillard has not been prejudiced by the delay. *See* Dkt. #72 at 2. The Court urges Mr. Lillard and Mr. Weaver to attempt to work together rather than for Mr. Lillard to proceed pro se in this case.

Accordingly, having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendant Lonnie Lillard's sealed ex parte Motion seeking new counsel, Dkt. #69, is DENIED. Defendant's Motion to Seal Document, Dkt. #71, is GRANTED. The Court shall maintain Dkt. #72 under seal. The Court directs the clerk to contact the parties and set a date for re-sentencing.

DATED this 18th day of April, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING EX PARTE MOTION FOR NEW COUNSEL - 2